### THE STATE v. M. W. MARTIN.

*Injury to Personal Property—Indictment.*

An indictment for injury to personal property, under section 1082 of *The Code*, amended by chapter 53, Laws 1885, which charged that the act was "wantonly and wilfully" done, was not defective because it did not aver the act to have been *unlawfully* perpetrated.

Indictment for Misdemeanor, tried at May Term, 1890, of CHATHAM Superior Court, *Womack, J.*, presiding.

The indictment charges that the defendant "wantonly and wilfully did injure five yards of cloth of the goods and chattels," etc. Upon the plea of "not guilty," there was a verdict of "guilty." The defendant moved in arrest of judgment, assigning as grounds of the motion that the indictment did not charge that the act was done "unlawfully." The motion was denied, and the Court gave judgment against the defendant. He excepted and appealed to this Court.

*The Attorney General*, for the State.
No counsel for the defendant.

MERRIMON, C. J.—after stating the facts: The statute (*The Code*, § 1082, as amended by the Acts of 1885, ch. 53) prescribes that "If any person shall wantonly and wilfully injure the personal property of another, he shall be guilty of a misdemeanor, whether the property be destroyed or not, and shall be punished by fine or imprisonment, or both, in the discretion of the Court." The indictment charges, in the very words of the statute, that the act was done "wantonly and wilfully." It thus charges the essential and leading quality of the criminal offence created by the statute, and these terms sufficiently imply that the act was done unlawfully. Lawful acts are not done wantonly and wilfully.

　　　　　　　　　　　　　　　　Affirmed.